# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAPHNE SMITH, individually and on behalf of a class of others similarly situated,**

        Plaintiff,

    v.                                                                        Case No.19-C-0025

**RECORDQUEST, LLC,**

        Defendant.

---

## DECISION AND ORDER

Wisconsin Statute § 146.83 governs access to patient health care records. The statute provides that if a person requests records and meets certain other requirements, "the health care provider shall provide the person making the request copies of the requested records." Wis. Stat. § 146.83(3f)(a). The statute also limits the health care provider's ability to charge a fee for providing copies. The statute states that "a health care provider may charge no more than the total of all of the following that apply for providing [the requested copies]," and then sets out a schedule of permissible fees. *Id.* § 146.83(3f)(b).

In the present case, Daphne Smith alleges that she was charged fees in excess of the amount allowed by the statute to obtain her health care records. She proposes to represent a class of similarly situated persons who were also charged excessive fees. The defendant, RecordQuest, LLC, is not a health care provider, but the plaintiff alleges that RecordQuest fulfilled the record requests that she made to her health care provider and sent her invoices containing charges that exceeded the statutory limits. Before me

now is RecordQuest's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

According to the allegations of the complaint, which I accept as true for purposes of deciding the motion to dismiss, the plaintiff was injured in a car accident on May 21, 2014. She retained a law firm to represent her in a personal injury claim. The plaintiff signed a release that authorized the law firm to obtain her health care information. The law firm requested the plaintiff's medical records from Milwaukee Health Services, Inc. ("MHS"), one of the plaintiff's medical providers. The law firm sent requests on September 14, 2014, September 17, 2014, and March 30, 2015.

Although the law firm sent the requests to MHS, the requests were answered by the defendant here, RecordQuest, LLC, which acted "on behalf of MHS." Compl. ¶ 39. RecordQuest provided the records and then sent a series of invoices to the law firm that allegedly included charges not allowed by Wis. Stat. § 146.83(3f)(b). The law firm paid the invoices. The plaintiff alleges that RecordQuest either knowingly or negligently charged excessive fees, and that therefore it is liable for damages under the civil cause of action created by Wis. Stat. § 146.84(1).

In addition to alleging a claim under Wis. Stat. § 146.84(1), the plaintiff alleges a claim for unjust enrichment. In this claim, the plaintiff alleges that RecordQuest knew that the invoices contained unlawful charges, that it "appreciated and received the benefit of the money [it] charged illegally," and that its retention of the money would be unjust. Compl. ¶¶ 70–72. The plaintiff seeks to have RecordQuest disgorge the illegal charges.

RecordQuest moves to dismiss the complaint. First, it contends that the claims are barred by the applicable Wisconsin statute of limitations. Second, RecordQuest contends that because it is not a "health care provider" as defined in Wis. Stat. § 146.81(1), it did not violate Wis. Stat. § 146.83(3f)(b) and therefore cannot be liable under Wis. Stat. § 146.84(1). Finally, RecordQuest contends that the plaintiff's claim for unjust enrichment fails as a matter of law.

## II. DISCUSSION

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In construing a plaintiff's complaint, I assume that all factual allegations are true but disregard statements that are conclusory. *Iqbal*, 556 U.S. 678.

Below, I address RecordQuest's argument that it cannot be liable under the health-records statute because it is not a "health care provider." I also address whether the plaintiff has stated a claim for unjust enrichment. Because I conclude that RecordQuest cannot be liable under the health-records statute and that the plaintiff has not stated a claim for unjust enrichment, I do not consider RecordQuest's argument that the plaintiff's claims are barred by the statute of limitations.

**A.     RecordQuest is Not Liable Under the Health-Records Statute**

3

The relevant provisions of the health-records statute apply to "health care providers." Specifically, Wis. Stat. § 146.83(3f)(a) provides that if a person requests health care records and meets certain other requirements, "the health care provider shall provide the person making the request copies of the requested records." The statute then states that, with certain exceptions not relevant here, "a health care provider may charge no more than" the specified charges. Wis. Stat. § 146.83(3f)(b).

The health-records statute has a comprehensive definition of "health care provider." The definition states that it "means any of the following," and then lists nineteen kinds of licensed medical providers and associations of licensed medical providers. Wis. Stat. § 146.81(1). The plaintiff does not allege that RecordQuest is one of these nineteen specified entities. Indeed, the plaintiff concedes that RecordQuest is not a health care provider as defined by the statute. Instead, she argues that because a health care provider designated RecordQuest as its agent for complying with the health-records statute, RecordQuest is liable under the statute.

The plaintiff's argument finds no support in the text of the statute. The statute does not impose liability on a person who is not a health care provider but who responds to records requests on behalf of a health care provider. The plaintiff points to the language of the civil-suit provision of the health-records statute, which provides that "[a]ny person . . . who violates § 146.82 or 146.83" either negligently or willfully is liable to any person injured by the violation. Wis. Stat. § 146.84(1)(b)–(bm). The plaintiff contends that because the statute says "any person" can be liable for a violation, then persons other than health care providers can be liable for violating the specified statutory provisions. However, it is not the case that "any person" can violate Wis. Stat.

4

§ 146.83(3f)(b). Rather, that provision may be violated only by health care providers, which RecordQuest is not. Thus, RecordQuest cannot be a "person . . . who violates" § 146.83(3f)(b).[1]

The plaintiff contends that unless companies such as RecordQuest are liable under the statute, then a health care provider may evade the statutory fee limit by delegating its duty to respond to records requests to third parties who are not health care providers. But this is clearly not the case. At all times, the duty to respond to records requests and the duty to charge no more than the fees allowed by the statute rest with the health care provider. Companies such as RecordQuest merely act as the health care provider's agent for purposes of responding to records requests. Essentially, instead of having its own employees process the requests, the health care provider hires an independent contractor to do so. Because the contractor is the health care provider's agent, the contractor's acts *are* the health care provider's acts. *See Craker v. Chicago & N.W. Ry. Co.*, 36 Wis. 657, 669 (1875) (where principal owes duty to third person and delegates performance to agent, principal is liable for agent's failure to perform duty); *Tondro v. Cushman*, 5 Wis. 279, 289 (1856) ("Whatever an agent does within the scope of his authority, binds his principal and is deemed his act."); *see also United States v. 7108 West Grand Ave., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994) ("under the law of agency the principal is bound by his chosen agent's deeds"). Thus, if

---

[1] I note that the legislature likely worded the civil-suit provision to apply to "any person" rather than to only "health care providers" because the health-records statute contains provisions that apply to persons other than health care providers. For example, Wis. Stat. § 146.83(4) provides that "[n]o person may do any of the following" and then lists certain acts, including intentionally falsifying a health care record. A "person" such as RecordQuest could violate this part of the statute and be subject to suit under Wis. Stat. § 146.84(1).

5

a company such as RecordQuest, acting within the scope of its agency for a health care provider, sends an invoice containing charges not allowed by Wis. Stat. § 146.83(3f)(b), then the health care provider will be liable under Wis. Stat. § 146.84(1), just as it would be if one of the health care provider's own billing clerks sent the invoice. In short, a health care provider's contracting with a third party to process records requests does not grant it immunity from liability under the health-records statute.

The plaintiff acknowledges that, under general agency principles, RecordQuest's actions are the health care provider's actions. *See* Br. in Opp. at 14, ECF No. 12 ("Recordquest's actions are considered to be that of their principal under common law principles."). However, the plaintiff seems to think that this means that an agent is liable to a third party whenever the agent performs an act in the course of its agency that causes the principal to violate the third party's rights. But no principle of agency law holds that a principal's liability is imputed to the agent when the agent performs the act that results in the principal's liability. To be sure, an agent will be liable for its own torts committed in the course of the agency. But that is because everyone is always liable for their own torts and acting within the scope of one's agency is not a defense to tort liability (unless a statute, such as the Federal Tort Claims Act, establishes an immunity for the agent). *See* Restatement (Third) of Agency § 7.01 cmt. b (2006). Likewise, an agent will be liable for its own statutory violations committed during the course of the agency. *Id.* cmt. c. But, as explained above, the health-records statute is not written in a manner that would allow a person who is not a health care provider to violate the provision establishing a maximum fee for providing records. Thus, RecordQuest, which

is not a health care provider, could not have committed its own violation of this statute during the course of its agency for MHS.

The plaintiff also cites Wis. Stat. § 990.001(9), which is part of a list of rules of statutory construction that appears in the Wisconsin Statutes. The preface to the list states that "[i]n construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature." Wis. Stat. § 990.001. The rule cited by the plaintiff states as follows:

> (9) Acts by agents. If a statute requires an act to be done which may legally be done by an agent, such requirement includes all such acts when done by an authorized agent.

Wis. Stat. § 990.001(9).

This rule is not clearly written. However, it seems to embody the general rule of agency law providing that the agent's acts are the principal's acts. This reading is supported by *Rosecky v. Tomaszewski*, 274 N.W.2d 259 (Wis. 1937), which considered a version of the rule while it was codified as Wis. Stat. § 370.01(20). In *Rosecky*, a lender told debtors to make payments under a note and mortgage to the lender's authorized agent. The lender later assigned the note and mortgage to a third party. The old lender's agent was not the third party's authorized agent, but no one told the debtors to stop making payments to the old lender's agent. After the assignment, the debtors continued making payments to the old lender's agent, and that agent embezzled the funds. Later, the new lender brought a foreclosure action against the debtors. In the foreclosure action, the trial court credited the debtors with the payments they had made to the old lender's agent, even though the agent never turned the payments over to the new lender. The Wisconsin Supreme Court affirmed. In the course of doing so, it cited

7

§ 370.01(20) and stated that the reason behind this rule is that "the act of an authorized agent is the act of the principal." *Id.* at 261. In other words, the Wisconsin Supreme Court concluded that because the debtors had made payments to a person who reasonably appeared to be the lender's authorized agent, the agent's act in collecting the payments would be imputed to the principal. The principal thus could not collect the payments from the debtors a second time.

*Rosecky* shows that Wis. Stat. § 990.001(9) imputes the agent's actions to the principal for purposes of measuring the principal's liability under a Wisconsin law; it does not impute the principal's liability to the agent whenever the agent performs the act that results in the principal's liability. Thus, the rule does not support the plaintiff's argument that the health-records statute should be interpreted to impose liability on persons who are not health care providers when they act as agents of health care providers.

The plaintiff also cites unpublished decisions by Wisconsin trial courts finding agents of health care providers liable for charging excessive fees under Wis. Stat. § 146.84(1). *See* Br. in Opp. Exs. B & C. These decisions, in turn, rely on cases from other jurisdictions in which courts interpreted the health-records laws of other states to apply to agents of health care providers. *See McCracken v. Verisma Sys., Inc,* No. 6:14-cv-06248, 2017 WL 2080279, at *6–7 (W.D.N.Y. May 15, 2017); *Young v. HealthPort Techs., Inc.*, 877 N.W.2d 124, 128–32 (Iowa 2016); *Cotton v. Med-Cor Health Info. Solutions, Inc.*, 472 S.E.2d 92, 95 (Ga. Ct. App. 1996). None of these decisions are binding here, and I do not find them persuasive. Each case is based on the premise that unless third-party record companies are deemed liable to the same extent as health

8

care providers, then health care providers could circumvent the statutory fee limits by delegating record-retrieval and billing functions to such third parties. But, as discussed above, general rules of agency law would prevent this result. Under agency law, the acts of the third parties would be imputed to the health care providers, and thus if a third party (the agent) charged more than the statutory maximum for records, then the health care provider (the principal) would be liable under the statute. Because agency law attributes the agent's acts to the principal, courts do not need to distort the plain meaning of health-records statutes to prevent health care providers from evading the statutory fee limits through delegation to agents.

Again, the result should be no different than had the health care provider used its own employees to process the records request. For example, if a billing clerk employed by a hospital responded to a records request and sent an invoice for charges that exceeded the statutory limit, the hospital would be liable under the statute, for the billing clerk was the hospital's agent and was acting within the scope of his employment in sending the invoice. But no one would think that the billing clerk could be held personally liable for the statutory violation, even though it was his act that caused the hospital to commit the violation. The billing clerk was not himself a health care provider within the meaning of the statute, so he could not have committed his own statutory violation, and under agency law a principal's liability is not imputed to the agent, so the hospital's liability could not be imputed to the clerk. The same result obtains here. Because RecordQuest is not a health care provider, it could not have committed its own violation of Wis. Stat. § 146.83(3f)(b). Further, because agency law does not impute a principal's liability to the agent, RecordQuest is not liable for MHS's violation of Wis.

Stat. § 146.83(3f)(b), even though it was RecordQuest's act that caused MHS's violation.

For these reasons, the plaintiff's claim under the health-records statute will be dismissed.

**B.      Unjust Enrichment**

The plaintiff contends that, even if RecordQuest is not liable under the health-records statute, it is liable for unjust enrichment. In Wisconsin, a claim for unjust enrichment has the following elements: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable to retain the benefit without payment of the value thereof. *E.g., Nelson v. Preston*, 262 Wis. 547, 550 (1952).

The plaintiff's theory of unjust enrichment is that because the health-records statute makes it unlawful for MHS to charge the fees that RecordQuest included in its invoices, RecordQuest received a benefit—the excessive fee—under circumstances making it inequitable for RecordQuest to retain it. However, as I have explained above, in responding to the plaintiff's record requests, RecordQuest was acting as MHS's agent. *See also* Compl. ¶ 39 (alleging "[t]hat RECORDQUEST, LLC responded to the healthcare records and bill request on behalf of MHS"). Thus, the benefit that the plaintiff conferred (the excessive fee) was conferred on and retained by MHS, the principal. This would be true even if RecordQuest actually retained the fee and did not turn it over to MHS. In that instance, RecordQuest would retain the fee because, under its agency agreement with MHS, the fee was RecordQuest's compensation for

rendering records-retrieval services to MHS. In other words, when the plaintiff paid the fee to RecordQuest as MHS's agent, it satisfied its obligation to pay MHS for providing the records; MHS then effectively assigned the fee to RecordQuest in lieu of writing RecordQuest a check to compensate it for its services. Thus, it was MHS, rather than the plaintiff, who conferred the benefit on RecordQuest.[2]

I also note that, as between the plaintiff and RecordQuest, there is nothing inequitable in allowing RecordQuest to retain the fee. If the fee exceeds the limits in Wis. Stat. § 146.83(3f)(b), then the plaintiff may bring an action against MHS to recover damages under Wis. Stat. § 146.84(1) and be made whole. For again, RecordQuest acted within the scope of its agency in charging the fee and therefore, under principles of agency law, it was actually MHS that charged the fee. The plaintiff has no right to seek disgorgement from RecordQuest of what is essentially its compensation for providing services to MHS. Of course, MHS might decide to pursue a cause of action against RecordQuest for causing it to violate § 146.83(3f)(b), but that is something for MHS and RecordQuest to work out. The plaintiff has no say in how MHS and RecordQuest structure their affairs.

For these reasons, the plaintiff's claim for unjust enrichment will be dismissed.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED**. Because the plaintiff does not contend that she could cure the legal

---

[2] Although the complaint alleges that the plaintiff conferred a benefit on RecordQuest, this is a legal conclusion that I do not have to accept as true on a motion to dismiss. *See Iqbal*, 556 U.S. at 678. The non-conclusory factual allegations of the complaint state that the plaintiff paid the fee to RecordQuest, who acted on behalf of MHS, and thus the only legal conclusion that may be drawn is that the plaintiff conferred the benefit on MHS. *See* Compl. ¶¶ 38, 45.

defects that resulted in the dismissal of her claims by filing an amended complaint, I will not, *sua sponte*, grant her leave to amend. Instead, I will direct the Clerk of Court to enter judgment in favor of the defendant on the merits.

Dated at Milwaukee, Wisconsin, this <u>14th</u> day of May, 2019.

<u>s/Lynn Adelman</u>
LYNN ADELMAN
District Judge