UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DAPHNE SMITH,

      Plaintiff,

v.                                        Civil Action No. 2:19-cv-0025

RECORDQUEST, LLC,

      Defendant.

## AGREED MOTION TO STAY

The Wisconsin Supreme Court recently granted certiorari to review *Townsend v. ChartSwap, LLC*, 394 Wis. 2d 229 (Wis. Ct. App. 2020), which is the decision the Seventh Circuit relied on in reversing this Court's order dismissing Plaintiff Daphne Smith's claim under the Wisconsin health records statute. In light of that grant of certiorari, the parties are in agreement and respectfully request that the Court stay these proceedings pending the Wisconsin Supreme Court's anticipated decision in *ChartSwap*, as there is no reason for the Court—or the parties—to expend resources litigating matters that may be resolved as a matter of law by the Wisconsin Supreme Court's anticipated decision in *ChartSwap*.

1. On May 14, 2019, this Court held that Smith's claim under the Wisconsin health records statute fails as a matter of law. This Court held that the result was warranted because the relevant statutory provision "does not impose liability on a person who is not a health care provider but who responds to records requests on behalf of a health care provider." Dkt. 14, p. 5.

2. On February 26, 2021, the Seventh Circuit reversed. *Smith v. RecordQuest, LLC*, 989 F.3d 513, 522 (7th Cir. 2021), *reh'g denied* (Mar. 17, 2021). In so doing, the Seventh Circuit deferred to the Wisconsin Court of Appeal's decision in *ChartSwap*—noting that when state-law questions are presented it must "follow the decisions of intermediate appellate courts." *Id*. at 518.

3. On February 24, 2021, the Wisconsin Supreme Court granted certiorari to review *ChartSwap*.

4. In light of the Wisconsin Supreme Court's grant of certiorari in ChartSwap, this Court should stay these proceedings. The Court has broad discretion to grant a stay. *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2004). In determining whether to grant a stay, the Court should consider: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court. *See Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). And, here, each of those factors strongly counsels in favor of a stay.

5. ***First***, the parties agree that a stay is appropriate, so neither will be unduly prejudiced or tactically disadvantaged if the Court grants a stay pending the Wisconsin Supreme Court's anticipated decision in *ChartSwap*.

6. ***Second***, granting a stay will simplify the issues and promote judicial economy. Courts in this Circuit favor granting a motion to stay when a pending decision in another forum will "provide guidance on determinative issues." *Burnett v. Ocwen Loan Servicing, LLC*, No. 17 C 3474, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017). The Wisconsin Supreme Court's ruling in *ChartSwap* will dictate the scope of the issues in this litigation and the discovery needed, and will streamline any trial. With the benefit of the *ChartSwap* ruling, the parties can engage in more

focused litigation based on the interpretation of Wisconsin law by the Wisconsin Supreme Court, thereby reducing the burden of litigation on the parties and the Court. Thus, the second factor weighs heavily in favor of granting a stay.

7. ***Third***, granting a stay will reduce the burden of litigation on the parties and the court. Courts recognize that staying proceedings in such instances "will preserve resources of the court and the parties by avoiding rulings and discovery rendered irrelevant" by a subsequent ruling. *Burnett,* 2017 WL 5171226, at *2. A stay will prevent all parties and this Court from having to deal with potentially superfluous pleadings and wasteful motions and discovery practice. In addition, the Court may choose to administratively close this case on its docket while the Wisconsin Supreme Court's decision is pending. Thus, the third and final factor further and strongly supports the granting of a stay pending the resolution of *ChartSwap*.

\* \* \*

For the foregoing reasons, the parties respectfully request that the Court stay these proceedings pending the Wisconsin Supreme Court's decision in *ChartSwap*, as there is no reason for the Court—or the parties—to expend resources litigating matters that may be resolved as a matter of law by the Wisconsin Supreme Court's anticipated decision in *ChartSwap*.

Dated:  April 20, 2021                                   Respectfully submitted

By: */s/ Ronald I. Raether*
   Ronald I. Raether
   TROUTMAN PEPPER
    HAMILTON SANDERS, LLP
   5 Park Plaza, Suite 1400
   Irvine, CA 92614
   (949) 622-2700
   ron.raether@troutman.com

   *Counsel for RecordQuest, LLC*

By: */s/ Robert Welcenbach*
   Robert Welcenbach (SBN 1033091)
   Welcenbach Law Offices
   933 North Mayfair Road, Suite 311
   Milwaukee, WI 53226
   (414) 774-7330
   Robert@welcenbachlaw.com

By:/s/ *Scott Borison*
   Scott C. Borison
   Legg Law Firm, LLP
   1900 S. Norfolk Rd. Suite 350
   San Mateo, CA 94403
   (301) 620-1016
   Borison@legglaw.com

   *Counsel for Daphne Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Wisconsin by using the CM/ECF system. I hereby certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s/ Ronald I. Raether*
Ronald I. Raether